Thomas v. Railroad Company.

ADAM THOMAS, Adm'r, etc., v. EAST TENNESSEE, VIRGINIA AND GEORGIA RAILROAD COMPANY.

1. PLEADINGS AND PRACTICE.   *Writs of error.   Section 3905 of the Code. To what cases it applies.*   Section 3905 of the Code which grants a writ of error when an appeal in the nature of a writ of error has been dismissed because the record has not been brought up in time, applies to cases in which the appellant brings up the record.

2. SAME.   *When appellant refuses to bring up the record after appeal.*   When the appellant refuses to bring up the record, after he has been granted an appeal, the appellee may bring it up and obtain an affirmance of the judgment.

FROM BRADLEY.

Appeal in error from the Circuit Court of Bradley county.    D. C. TREWHITT, J.

W. M. BAXTER for Railroad Company.

R. M. EDWARDS for Thomas.

DEADERICK, C. J., delivered the opinion of the court.

In the circuit court of Bradley county judgment was rendered, in May, 1885, in favor of the plaintiff, Thomas, against the defendant.   The defendant prayed an appeal in error to this court, which was granted, and executed bond for said appeal.

In June the defendant, in writing, by its attorney, notified the clerk not to make out the transcript in the case, as it did not intend to prosecute said appeal.   Thereupon the plaintiff in said cause directed the clerk to make out a transcript for him

of said cause, which was done, and the record was filed in this court at the present term, and the defendant was notified that said record had been filed, and that he would move for an affirmance of said judgment at the present term. Accordingly, upon a former day of this term, the motion for affirmance of said judgment was made by plaintiff, and allowed, and the judgment pronounced affirming the judgment of said circuit court.

The defendant company now enters a motion to vacate said order affirming the judgment. The argument is, that in an appeal simply the judgment of the inferior court is vacated, and in such case there should be an affirmance in this court. But in the appeal in error the judgment is suspended only, and the proper judgment here would be to dismiss the appeal, leaving the judgment below in full force. And sec. 3905 of new Code is cited in support of this position.

That section provides, where an appeal in the nature of a writ of error *is dismissed*, on the ground that the record was not brought up within the time prescribed by the rules of the court, the appellant may, nevertheless, have his writ of error. That section applies to a case in which the appellant brings up the record.

That is not this case. The appellee brought up the record, and obtained his judgment of affirmance upon the ground that appellant, after his appeal was granted, had failed and refused to bring up the record. And this was held the proper practice in a similar

case in 2 Sneed, page 1. This practice was approved in *Cauthon* v. *Searcy*, 12 Lea, 649, by this court, opinion by Judge Cooper, citing a number of cases.

The motion must, therefore, be disallowed.